773 So.2d 517 (2000)
Ronald TAYLOR, etc., et al., Appellants,
v.
MARTIN COUNTY CANVASSING BOARD, etc., et al., Appellees.
No. SC00-2448.
Supreme Court of Florida.
December 12, 2000.
Robert Augustus Harper, Steven Brian Whittington, and Jason Michael Savitz of Robert Augustus Harper Law Firm, P.A., Tallahassee, Florida; Edward S. Stafman of Edward S. Stafman, P.A., Tallahassee, Florida; Robert L. King and Michael B. Marker of Carr, Korein, Tillery, Kunin, Montroy, Cates, Katz & Glass, L.L.C., St. Louis, Missouri; John T. Kennedy, Stuart, Florida; and Alice O'Brien and W. Gary Kohlman of Bredhoff & Kaiser, P.L.L.C., Washington, DC, for Appellants.
Ronald A. Labasky of Skelding, Labasky & Cox, Tallahassee, Florida, for the Martin County Canvassing Board, Robbins, Hershey and Wilcox; Barry Richard of Greenberg, Traurig, P.A., Tallahassee, Florida, Benjamin L. Ginsberg of Patton Boggs LLP, Washington, D.C., B. Daryl Bristow and Amy Douthitt Maddux of Baker Botts LLP, Houston, Texas, and Stuart Levey of Miller, Cassidy, Larroca & Lewin LLP, Washington, D.C., for George W. Bush and Dick Cheney; Kenneth W. Wright of Shutts & Bowen LLP, Orlando, Florida, for Republican Party of Florida; and Deborah K. Kearney, General Counsel, and Kerey M. Carpenter, Assistant General Counsel, Tallahassee, Florida, Jonathan Sjostrom, Victoria L. Weber, *518 Donna E. Blanton, and Elizabeth C. Daley of Steel, Hector & Davis LLP, Tallahassee, Florida, for Katherine Harris, L. Clayton Roberts, and Bob Crawford, as members of the Florida Elections Canvassing Commission, Appellees.
W. Robert Vezina, III, Tallahassee, Florida, for John E. Thrasher, Intervenor.
Mathew D. Staver, Erik W. Stanley, Joel L. Oster, Dean F. DiBartolomeo, Marvin Rooks, John Stemberger, Mike Gotschall and Sharon Blakeney, Liberty Counsel, Longwood, Florida, for Richard J. Kosmoski, et al., Intervenors.
PER CURIAM.
We have for review a trial court order appealed to the First District Court of Appeal, which certified the order to be of great public importance and to require immediate resolution by this Court. We have jurisdiction pursuant to article V, section 3(b)(5) of the Florida Constitution.
This case involves an election contest of the November 7, 2000, presidential election results pursuant to section 102.168, Florida Statutes (2000). The plaintiffs, electors in Martin County, sought to invalidate all or a portion of the absentee ballots cast in Martin County on the basis that there were irregularities relative to the requests for the absentee ballots.
The following facts were established during the non-jury trial on the electors' complaints. Both the Republican and Democratic Parties of Florida disseminated pre-printed absentee ballot request forms to registered voters in Martin County prior to the election. The Martin County Supervisor of Elections received a number of Republican request forms which had missing or incorrect voter identification numbers on them. There was no similar problem with the Democratic request forms received. The Supervisor's office followed a policy of not issuing absentee ballots where the elector's voter registration number was missing or incorrect on the request form. Further, it was office policy not to fill in any missing information or make any corrections or alterations to the request form without the express authority of the elector. Despite this policy and despite the requirements of section 101.62, Florida Statutes (2000),[1] the Supervisor of Elections allowed representatives of the Florida Republican Party to remove several hundred request forms from her office in order to add missing voter identification numbers. After making these changes, the Republican Party officials returned the request forms to the Supervisor's office. The Supervisor then processed the corrected request forms and sent absentee ballots to the voters. See Taylor v. Martin County Canvassing Bd., No. CV 00-2850, 2000 WL 1793409, at *1 (Fla.2d Cir.Ct. Dec. 8, 2000).
In their complaint, the plaintiffs asserted that this procedure in Martin County violated various Florida laws, created an opportunity for fraud, tainted the integrity and fairness of the election, and cast doubt on the validity of the results. The plaintiffs asked the trial court to invalidate the ballots issued under this procedure.
Following the non-jury trial in this case, the trial court concluded that the procedure was contrary to Florida law, offered an opportunity for fraud, and created the appearance of partisan favoritism on the part of the Supervisor of Elections. See id. at *2. However, the court found no evidence of "fraud nor other intentional *519 misconduct." Id. The court further concluded that "despite these irregularities [relative to the requests for absentee ballots]... the sanctity of the ballot and the integrity of the election were not affected" and that "[t]he election in Martin County was a full and fair expression of the will of the people." Id. at *4. Based upon these conclusions, the trial court found that the plaintiffs were not entitled to relief. Id.
In Jacobs v. Seminole County Canvassing Board, 773 So.2d 519 (Fla.2000), we were faced with almost identical circumstances regarding absentee ballot requests. While the circuit court found similar irregularities surrounding absentee ballot requests in that case, it also found no evidence of fraud or misconduct. See Jacobs v. Seminole County Canvassing Bd., No. 00-2816, 2000 WL 1793429, at *4 (Fla.2d Cir.Ct. Dec. 8, 2000).
We conclude that our decision in Jacobs controls the outcome in the instant case. Accordingly, we affirm the result below based upon the reasoning we expressed in Jacobs.
It is so ordered.
WELLS, C.J., and HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
SHAW, J., recused.
NOTES
[1] Section 101.62, Florida Statutes (2000), governs requests for absentee ballots. This statute provides that the supervisor of elections may only accept a request for an absentee ballot from "the elector, or, if directly instructed by the elector, a member of the elector's immediate family, or the elector's legal guardian." Id. § 101.062(1)(b). Further, the person making a request for an absentee ballot must disclose the following information: the name of the elector for whom the ballot is requested; the elector's address; the last four digits of the elector's social security number; the elector's voter registration number; the requester's name, address, social security number and, if available, driver's license number, and relationship to the elector, and the requester's signature, if a written request. See id.