773 So.2d 519 (2000)
Harry N. JACOBS, etc., et al., Appellants,
v.
SEMINOLE COUNTY CANVASSING BOARD, etc., et al., Appellees.
No. SC00-2447.
Supreme Court of Florida.
December 12, 2000.
*520 Gerald F. Richman, Alan G. Greer and John R. Whittles of Richman, Greer, Weil, Brumbaugh, Mirabito & Christensen, P.A., West Palm Beach, Florida; Scott E. Perwin and Pamela I. Perry, Miami, Florida; Kent Spriggs of Spriggs & Davis, Tallahassee, Florida; Robert D. Lenhard, Washington, D.C.; John R. Cuti, Jonathan S. Abady and Llann M. Maazel of Emery, Cuti, Brinckerhoff & Abady PC, New York, New York; and Eric Seiler and Katherine L. Pringle of Friedman, Kaplan, Seiler & Adelman LLP, New York, New York, for Appellants.
Terry C. Young and Janet M. Courtney of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, Florida, for Seminole County Canvassing Board, Sandra Goard, Kenneth McIntosh and John Sloop; Barry Richard of Greenberg, Traurig, P.A., Tallahassee, Florida, Benjamin L. Ginsberg of Patton Boggs LLP, Washington, D.C., B. Daryl Bristow and Amy Douthitt Maddux of Baker Botts LLP, Houston, Texas, and Stuart Levey of Miller, Cassidy, Larroca & Lewin LLP, Washington, D.C., for George W. Bush and Dick Cheney; Kenneth W. Wright of Shutts & Bowen, LLP, Orlando, Florida, for Republican Party of Florida; and Deborah K. Kearney, General Counsel, and Kerey M. Carpenter, Assistant General Counsel, Tallahassee, Florida, and Jonathan Sjostrom, Victoria L. Weber, Donna E. Blanton and Elizabeth C. Daley of Steel, Hector & Davis LLP, Tallahassee, Florida, for Katherine Harris, as Florida Secretary of State, and Katherine Harris, L. Clayton Roberts, and Bob Crawford, as members of the Florida Elections Canvassing Commission, Appellees.
Mathew D. Staver, Erik W. Stanley, Joel L. Oster, Dean F. DiBartolomeo, Katherine Christy, Marvin Rooks, John Stemberger, Mike Gotschall, and Sharon Blakeney, Liberty Counsel, Longwood, Florida, for Tim Brock, et al., Intervenors.
PER CURIAM.
We have for review a trial court order appealed to the First District Court of Appeal, which certified the order to be of *521 great public importance and to require immediate resolution by this Court. We have jurisdiction pursuant to article V, section 3(b)(5) of the Florida Constitution. For the reasons expressed below, we affirm.
Appellants filed suit against the Seminole County Canvassing Board and others pursuant to section 102.168, Florida Statutes (2000), to contest the 2000 election. A bench trial was held in this case on December 6 and 7, 2000. The appellants alleged there were thousands of requests for absentee ballots in Seminole County that should be invalidated because the requests were not made in strict compliance with the absentee ballot laws. Specifically appellants claimed the Seminole County Supervisor of Elections illegally treated Republican Party representatives differently from other political party representatives by allowing them access to her office for the purpose of adding voter identification numbers to requests that did not contain that information. Based on the complaint, answers, admissions, stipulations, and the evidence adduced at trial the following facts were determined.
Prior to the November 7, 2000, general election both the Republican and Democratic Parties prepared and mailed to registered voters for their respective parties preprinted requests for absentee ballots. The parties agreed that this practice is not prohibited by law. The request form prepared by the Democratic Party had a space provided for the voter identification number or the voter identification number was preprinted on the request form. In contrast, the request form prepared by the Republican Party did not include either a space for the voter identification number or the preprinted number. In addition there was no instruction on the Republican form informing the voter to include the voter identification number.
Generally, when absentee ballot request forms are returned, the Supervisor's office mails out the absentee ballots with instructions. In this instance, thousands of request forms without voter identification numbers were returned to the Supervisor's office. Thereafter, Republican Party representatives, who were not employed in the Supervisor's office, used the Supervisor's office and equipment to add voter identification numbers to request forms. Once the voter identification numbers were added, the Supervisor accepted the requests and sent absentee ballots to the persons named on the request forms.
In its comprehensive order, the trial court denied relief, stating in relevant part:
The first issue for this court to decide is whether the absentee voting laws require strict compliance with all its provisions, or whether substantial compliance is sufficient to give validity to the ballots. Did the addition of voter registration identification numbers on the request forms after they were submitted to the Supervisor constitute such an irregularity that the ballots cast thereafter should be invalidated, or did the addition of that information constitute a violation of the absentee voter election laws that did not impugn or compromise the integrity of the ballots cast or ultimately the election itself?
Section 101.62, Florida Statutes, provides that the supervisor of elections my[may] accept a request for absentee ballots from an elector and that the person making the request must disclose:
1. The name of the elector for whom the ballot is requested;
2. The elector's address;
3. The last four digits of the elector's social security number;
4. The registration number on the elector's registration identification card;

5. The requester's name;
6. The requester's address;
7. The requester's social security number and, if available, driver's license number;

*522 8. The requester's relationship to the elector; and
9. The requester's signature (written requests only).
(emphasis supplied).
Although the statute clearly sets forth what must be disclosed by the person requesting the absentee ballot, there is no statutory directive regarding the treatment of absentee ballot requests which do not contain all of the information required by Section 101.62(1)(b), Florida Statutes. In contrast, there is a clear statutory directive regarding the treatment of absentee ballots which do not contain all of the information required on the ballot. Section 101.68(2), Florida Statutes specifically provides that a ballot that fails to include the statutory elements is illegal....
[In McLean v. Bellamy, 437 So.2d 737, 742-743 (Fla. 1st DCA 1983), the court stated:
Our examination of Section 101.62 leads us to conclude that its provisions are directory. We are unable to glean from the provision of that section a legislative intent that the failure to follow the letter of its provisions should result in the invalidation of absentee ballots cast by qualified electors who are also qualified to vote absentee.][1]
[A]fter rampant absentee voter fraud occurred in the Miami mayoral election, the Miami Beach City Commission election and the Hialeah mayoral election, the Florida Legislature amended and detailed absentee voter laws to include the requirements now found in Section 101.62, Florida Statutes.... Unless a statutory provision also specifically states that the lack of information voids the ballot, the lack of the information does not automatically void the ballot. See, Final Bill Research & Economic Impact Statement, House of Representatives Committee on election Reform, CS/HB Sections 3743, 3941 at page 8 (passed as CS/HB 1402) on May 12, 1998.
Because the irregularities in the casting of the actual ballot are directory unless specified in a statute as mandatory, it follows that the information listed as necessary for a request for an absentee ballot is directory, and not mandatory. It cannot be said that the lack of a voter registration identification number on an absentee ballot request is calculated to effect the integrity of the request itself or the subsequent ballot or the election, when substantial other identifying information has been included on the request. In comparison, Section 102.68(2)(c), Florida Statutes requires that a voters name, address and signature must be included on an absentee ballot. That section goes on to provide specifically that the failure to include the absentee voter's name address and signature voids the ballot.
There is no invalidating directive for failure to include the voter registration identification number on a request for an absentee ballot....
The statutory requirement that the requester "must" disclose the nine items in Section 101.62(b) is simply not a definitive statement by the Legislature that requests which are missing the voter's registration number are illegal or void. In contrast, Section 101.68(2)(c)1., Florida Statutes provides that an absentee ballot shall be considered illegal if it does not include the signature and the last four digits of the social security number of the elector, as shown by the registration records, and either the subscription of a notary [or] the signature, printed name, address, voter identification number, and county of registration of one attesting witness, who is a registered voter in the state.
. . . .
The second issue for the court's determination is whether the Supervisor of Elections treated the representatives of *523 the Florida Republican Party differently than she treated representatives of other political parties to the extent that the integrity of the ballots or election was compromised. The plaintiffs allege that the Supervisor of Elections "treated the interests of non-Republican voters differently from those of Republican voters" because she informed the public that she would strictly enforce the requirements of Section 101.62, Florida Statutes, including the disclosure of the voter identification number, yet she honored the request of a Republican representative to obtain access to the incomplete request forms and add the voter identification numbers and did not notify the Democratic Party or any other group of this development. The plaintiffs argued at trial that this failure to notify others and invite others to take the same actions constituted illegal disparate treatment. However, the proof offered at trial failed to show that she treated other political parties differently than she treated the Republican party.... Unlike the Republican mail-out, the Democratic mail-out did not suffer from the general omission of the voter identification numbers. Therefore, there was no need for the Democrats to request access to the request forms to correct them, and in fact, there was no evidence that such a request was made by the Democratic party or any other political subdivision. Consequently, there was no evidence that the request of any representative, including any Democrat, was denied by the Supervisor. Thus, there was no adequate showing that there was disparate treatment of Republicans as opposed to any other individuals or groups with regard to the ballot request forms.
There was no allegation or evidence that any of the absentee votes counted were not "cast by qualified, registered voters who were entitled to vote absentee and who did so in a proper manner." Boardman v. Esteva, 323 So.2d 259 at 269 (Fla.1975). The effect the irregularities complained of could have had on the election was the prevention of voting by certain requesters for absentee ballots whose requests lacked the voter identification number and who were unwilling or unable to go to their precinct to cast their vote on election day. There was no evidence that any absentee ballot requests were excluded or denied solely because they lacked the required voter registration identification number.
... The evidence presented in this case does not support a finding of fraud, gross negligence, or intentional wrongdoing in connection with any absentee ballots.... That the Supervisor's judgement may be seriously questioned, and that her actions invited public and legal scrutiny, do not rise to the level of a showing of fraud, gross negligence, or intentional wrongdoing.
Jacobs v. The Seminole County Canvassing Board, No. 00-2816, 2000 WL 1793429 at *3-5 (Fla.2d Cir.Ct. Dec. 8, 2000).
We find competent, substantial evidence to support the trial court's conclusion that the evidence in this case does not support a finding of fraud, gross negligence, or intentional wrongdoing in connection with any absentee ballots. The record in this case is clear that the application forms in question contained the name, address, signature, and the last four digits of the social security number of the applicant. This information was sufficient to establish the qualifications of the applicant.[2] It was also stipulated by the parties that the application forms had already been signed by the applicant when the third parties corrected the omissions on the forms. Hence, we conclude that the trial court reached a proper conclusion guided by our prior case law.
*524 We especially note, however, that at the conclusion of its order, the trial court found that the Supervisor of Elections of Seminole County exercised faulty judgment in first rejecting completely the requests in question, and compounded the problem by allowing third parties to correct the omissions on the forms. Nothing can be more essential than for a supervisor of elections to maintain strict compliance with the statutes in order to ensure credibility in the outcome of the election.[3] We find the Supervisor's conduct in this case troubling and we stress that our opinion in this case
is not to be read as condoning anything less than strict adherence by election officials to the statutorily mandated election procedures. Such adherence is vital to safeguarding our representative form of government, which directly depends upon election officials' faithful performance of their duties.... [T]his case [does not] concern[] potential sanctions for election officials who fail to faithfully perform their duties. It is for the legislature to specify what sanction should be available for enforcement against election officials who fail to faithfully perform their duties.
Beckstrom v. Volusia County Canvassing Board, 707 So.2d 720, 725-26 (Fla.1998).
Accordingly, we affirm the portions of the trial court's order that are set forth above and adopt them as our own. We also affirm the trial court's conclusion that appellant is entitled to no relief.
It is so ordered.
WELLS, C.J., and HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
SHAW, J., recused.
NOTES
[1] The language in the brackets was included in another portion of the trial court's order.
[2] While there may be questions regarding the application forms in this case, there is no question that the ballots themselves conformed to the requirements of section 101.68, Florida Statutes (2000), which requires the signature and the last four digits of the social security number of the elector, and either subscription of a notary or identifying information from the attesting witness.
[3] We note that chapter 104 of the Florida Election Code provides certain penalties for election officials and others who violate the Code. However, violations of the Code will not necessarily invalidate the votes of innocent electors.